## No. 649

### JONES v. SKINNER

No. 18665. Supreme Court

ON MOTION TO CERTIFY RECORD

Motion of Jones to require Franklin Appeals to certify record. Docketed June 20, 1924. 2 Abs. 436, OA op. 2 Abs. 362.

1283. WORKMEN'S COMPENSATION—How far do rules of pleading in master and servant cases apply?

Armor E. Skinner obtained a judgment (2 Abs. 362) in Franklin Appeals, May 23, 1924, against Albert E. Jones, doing business as the Jones Auto Top Co., and overruling a motion for a rehearing. Jones is prosecuting error and gives as the grounds of his motion to certify, the following:

The action of Skinner was on an amended petition, predicated under 1465-73 GC, Workmen's Compensation Act, it appearing that Jones was an employer of more than five workmen, and did not comply with 1465-69 of the Act. One of the vital questions made in the trial was what operative facts a petition should contain to state a cause of action, in this, that the amended petition alleged that plaintiff, an employe of defendant, was injured by slipping on a small block of wood on the floor, produced in the work in which Skinner and other employes were engaged; but the amended petition did not allege the presence of the block as a defective condition in the employment or premises, nor that Jones had any knowledge or notice, or ought to have, nor that he did not know of said block and that he had not equal means of knowing the same with Jones. The question made is, how far the established rules of pleading between master and servant apply in actions under this section.

Question is also made as to the application of 871-15 and 871-16 GC. and particularly as to the proper construction and explanation of these sections since the overruling of Woodenware Co. v. Shorling, 96 OS. 305, on another point.

In the trial court evidence was permitted, over objection, that tended to show that the injury resulted in tuberculosis, which necessitated the amputation of the foot, the only allegation in the amended petition being that the injury "resulted in permanent injury" to the foot. This the Court of Appeals sustained and this is in conflict with Lake Shore Elect. v. Hobart, 13 CC. ns. 542.

Several questions are made as to the admission and not excluding by the Common Pleas of evidence concerning the points above set forth, and that it overruled the motion of Jones at the conclusion of the plaintiff's evidence to arrest the testimony and give judgment for the defendant, on the ground that the undisputed evidence of the case showed that Jones was not and could not be held liable, without, as a matter of law, holding Jones liable as an insurer of the safety of Skinner as an employe; and also for a directed verdict, made at the conclusion of the testimony.

Another question raised arises because the Court of Appeals sustained the charge of the trial court, that the jury should consider evidence introduced on behalf of Skinner tending to show that his injury resulting in tuberculosis and amputation of foot, for the purpose of determining whether or not the injury was permanent.

Attorneys—W. J. Ford and Ballard, Jones & Price, for Skinner; J. L. Stanton and Hogan, Hogan & Hogan, for Jones; all of Columbus.